**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| **ZESTY PAWS LLC and HEALTH AND HAPPINESS (H&H) US INTERNATIONAL INCORPORATED**<br><br>**Plaintiffs,**<br><br>v.<br><br>**NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. ,**<br><br>**Defendants.** | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>REDACTED – PUBLICLY FILED VERSION[1] |

Plaintiffs Zesty Paws LLC and Health and Happiness (H&H) US International Incorporated ("H&H") (together "Plaintiffs" or "Zesty Paws") bring this suit against Defendants Nutramax Laboratories ("Nutramax Labs") and Nutramax Laboratories Veterinary Sciences ("Nutramax Vet") (together "Defendants" or "Nutramax"), and allege as follows:

---

[1] This publicly-filed version of the Complaint redacts certain sensitive information that the parties are contractually obligated to keep confidential. Plaintiffs will serve a copy of the full unredacted version of the Complaint on Defendants, and will shortly file with this Court a motion to file and maintain the unredacted version under seal.

## PRELIMINARY STATEMENT

1.      This is an action seeking equitable relief and monetary damages against Nutramax for violating the terms of a settlement agreement entered into by the parties in this Court, which resulted in the dismissal with prejudice of Nutramax's prior lawsuit against Zesty Paws.  *See generally* D.E. 100-101, *Nutramax Labs., Inc. v. Zesty Paws LLC*, No. 6:22-cv-00626-CEM-LHP (M.D. Fla. 2023) ("Prior Action").[2]

2.      During the Prior Action, Nutramax ████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████  This Court dismissed that claim with prejudice.  But Nutramax is now suing Zesty Paws for being the "#1 brand" of pet supplements in the United States (the "#1 Claims").  And Nutramax has admitted that "a claim that Zesty Paws is the 'leading brand' of pet supplements is functionally identical to the #1 Claims."  As a result, Nutramax's current action is barred by ██████████████████████ this Court's dismissal with prejudice of the Prior Action.

3.      In Nutramax's own words, Zesty Paws "advertises, promotes, offers for sale, and sells *Zesty Paws-brand* dietary and nutritional pet supplement products to consumers throughout the United States."  D.E. 56, at ¶ 9 (emphasis added).  By contrast, Nutramax sells "health supplement products for humans and animals across the United States through a *diversified portfolio* of well-recognized and widely-trusted *brands*, including but not limited to its Dasuquin® product line for cats and dogs."  *Id.* ¶ 16 (emphasis added).

4.      On March 29, 2022, Nutramax filed a lawsuit against Plaintiffs in this Court.  After amending its complaint several times, Nutramax filed a final, Third Amended Complaint for

---

[2] All references to "D.E." refer to docket entries in the Prior Action.

damages and injunctive relief on August 15, 2022.  The Third Amended Complaint contended, *inter alia*, that Zesty Paws engaged in false advertising under the Lanham Act, and violated related state laws, by claiming that Zesty Paws is "'the leading' pet supplement brand in the United States." *Id.* ¶¶ 148-49; *see also id.* ¶¶ 151-52, 155.  Zesty Paws denied that its claims were false, explaining in its September 16, 2022 Answer that "Zesty Paws *is* the leading brand of pet supplements in terms of sales in U.S. Dollars."  D.E. 60 at ¶¶ 149, 151-52, 155 (emphasis added).

5.      Zesty Paws also filed counterclaims against Nutramax, alleging *inter alia*, that at least two dozen of Nutramax Vet's pet supplement products for animal health did not have the amount of active ingredients that they claimed to have on their product labels.

6.      On June 20, 2023, Nutramax and Zesty Paws notified this Court that they had reached an "agreement in principle to the terms of a confidential settlement." D.E. 99.  The parties noted their expectation of filing "a Stipulation of Dismissal with Prejudice within the next 30 days." *Id.* at 1.  On the same day, this Court issued an Order dismissing this case with prejudice, subject to any party's right, upon good cause, to reopen the case within 60 days.  D.E. 100.

7.      The parties subsequently agreed ███████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████

8.      The parties also ███████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

9.      The  parties ████████████████████████████████████████

███████████████████████████████████████████████████████

██████  Consistent with the foregoing, the parties filed a Joint Stipulation of Voluntary Dismissal

with Prejudice on June 29, 2023.  D.E. 101.  Neither party subsequently sought to reopen the case

within 60 days of this Court's Order dismissing the case with prejudice.

10.     ████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████.

11.     ██████████████████████████████████  Nutramax is currently forcing Zesty

Paws to litigate a substantively identical claim.

12.     On July 17, 2023, less than three weeks after the resolution of the Prior Action,

Nutramax sent a "Notice of Dispute" to Zesty Paws.  In that notice, Nutramax complained about

various claims on Zesty Paws' website, social media, and other media that Zesty Paws is the

"#1 Brand of Pet Supplements in the USA," the "USA's #1 Brand of Pet Supplements," and the

"#1 selling Pet Supplement Brand in the USA" (the "#1 Claims").

13.     Zesty Paws had made clear in the Prior Action that "Zesty Paws is the leading brand

of pet supplements in terms of sales in U.S. Dollars."  D.E. 60 at ¶¶ 149, 151-52, 155.  And it is

undisputed that Zesty Paws-brand sales exceed the sales of *any* of Nutramax's pet supplement

brands, like Dasuquin or Cosequin.  But Nutramax now claimed that if all of Nutramax's individual

brands were considered as a single "Nutramax" brand, then it would be the case that "Zesty Paws is not the #1 selling or #1 brand of pet supplements in the United States. *Nutramax* is the top-selling pet supplement brand."  Nutramax July 17, 2023, Notice of Dispute at 1 (emphasis added). Nutramax insisted that Zesty Paws' contrary #1 Claims "violate state and federal laws, including the Lanham Act."  *Id.* at 2.

14.     Exasperated, Zesty Paws responded on August 1, 2023.  Zesty Paws reminded Nutramax that Nutramax itself had acknowledged in the just-settled Prior Action that it does not sell its products under a single, Nutramax brand, but rather through a *diversified portfolio* of well-recognized and wide-trusted *brands*, including but not limited to its Dasuquin product line for dogs and cats.  *See* Zesty Paws August 1, 2023, Response at 3-5.  Zesty Paws also noted that the #1 Claims had been verified and validated by a leading third-party marketing firm identified alongside the #1 Claims.

15.     Following a further exchange of letters and a failed mediation, Nutramax informed Zesty Paws that it would file a complaint against it for violations of the Lanham Act and other related laws, and move for a preliminary injunction if Zesty Paws did not confirm, by December 13, 2023, that it would no longer use the #1 Claims.

16.     Expecting Nutramax to imminently file a false advertising suit in the United States District Court for the Southern District of New York, Zesty Paws on December 13, 2023, filed an action against Nutramax Labs and Nutramax Vet in that Court seeking declaratory relief that its #1 Claims are not false or misleading under the Lanham Act or related state and federal laws.  *See Zesty Paws LLC v. Nutramax Laboratories, Inc.*, 1:23-cv-10849-LGS (S.D.N.Y. filed Dec. 13, 2023) (the "New York Action").

17.     Less than 10 days later, Nutramax made good its threat to sue Zesty Paws, filing an Answer and Counterclaims against Zesty Paws LLC, and a third-party complaint against H&H in the New York Action.  Nutramax generally alleged that Zesty Paws' #1 Claims constituted false advertising in violation of the Lanham Act and related state laws.  Nutramax also sought a preliminary injunction to prevent Zesty Paws from making the #1 Claims or any substantial identical claims, which the New York court later granted.

18.     In litigating the New York Action, Nutramax eventually made explicit that the Leading Brand Claims and the #1 Claims are identical.  On June 28, 2024, Nutramax wrote to Zesty Paws in relation to the court's preliminary injunction order (Ex. B).  In that letter, Nutramax demanded that Zesty Paws cease claiming to be "America's Leading Brand of Pet Supplements"— insisting that such a claim was barred by the preliminary injunction it had obtained in the New York Action.  *Id.* at 1-2.  Nutramax further acknowledged that "there can be no legitimate argument that 'leading brand' means anything other than 'best-selling brand.'"  *Id.* at 2.  It therefore asserted that "a claim that Zesty Paws is the "leading brand" of pet supplements is functionally identical to the #1 Claims" and insisted that "[t]he use of this "leading brand" claim must be stopped immediately."  *Id.*

19.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

20.     Shortly after Nutramax confirmed that the Leading Brand Claims and the #1 Claims were "functionally identical," Zesty Paws provided notice in writing on July 15, 2024, that Nutramax's Counterclaims in the New York Action ███████████████████████████ ███████████████ should be dismissed.

21.     In response, Nutramax did not contest that the #1 Claims and Leading Brand claims were "substantially identical."  *See* Nutramax July 25, 2024, Response.  It nonetheless denied that ███████████████████████████████████████ It also claimed that the New York litigation fully empowered the New York court to prevent Zesty Paws from claiming to be the leading brand—notwithstanding Nutramax's relinquishment of that claim in the Prior Action in this Court.  And it insisted that Zesty Paws could not now claim that ████████████████ ███████████████████ having filed a declaratory judgment action in New York (in response to Nutramax's imminent suit in that court).

22.     In so claiming, Nutramax did not address ██████████████████████████ ████████████████████████████ which provides:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████

23.     Nutramax, a highly litigious company well known in the pet supplement industry for suing competitors and others, is using the New York Action as an end around to pursue claims ████████████████████████████████ which this Court dismissed *with prejudice* ████████████████████████████ D.E. 100.

24.     This Court should put an end to that gambit, and permit Zesty Paws to recover for Nutramax's ██████████████████████████

## PARTIES

25.     Zesty Paws is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Orlando, Florida.

26.     H&H is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Orlando, Florida.

27.     Nutramax Vet is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Lancaster, South Carolina.

28.     Nutramax Labs is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Lancaster, South Carolina.  Nutramax Labs is the parent company to at least two subsidiaries, Nutramax Vet and Nutramax Laboratories Consumer Care, Inc. ("Nutramax Consumer").  Nutramax Labs sells human and pet care products through its Nutramax Consumer and Nutramax Vet subsidiaries, respectively.

## JURISDICTION AND VENUE

29.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

30.     This Court has personal jurisdiction over Defendants because Defendants ██████████████████████████████████████████████████████ ████████████████████████████████████████████.

31.     Venue in this Court is proper because Defendants ████████████████ ██████████████████████████████████████████████████████ ████████████████████████

## BACKGROUND

**A.      The Parties' Competition In The U.S. Pet Supplements Market Space**

32.      A variety of companies manufacture, advertise, and sell pet supplements designed to promote pets' health and well-being.

33.      Some companies, like Zesty Paws, market and sell products under a single-unified brand, with consistent look, feel, and packaging.





Allergy & Immune Bites for Dogs  
From $ 32.97  
★★★★★ 1319 reviews

8-in-1 Multivitamin Bites for Dogs  
From $ 32.97  
★★★★★ 856 reviews

Probiotic Bites™ For Dogs  
From $ 32.97  
★★★★★ 705 reviews

*See* Zesty Paws Website, available at https://zestypaws.com/ (last visited September 27, 2024).

34.      Zesty Paws sells a variety of products under its Zesty Paws brand, including Zesty Paws Allergy & Immune Bites, Zesty Paws 8-in-1 Multivitamin Bites, Zesty Paws Probiotic Bites, Zesty Paws Wild Alaskan Salmon Oil Formula, and so on.

35.      Other companies, like Nutramax Vet, admittedly sell pet supplements "through a *diversified portfolio* of well-recognized and widely-trusted *brands.*"  D.E. 56 at ¶ 16 (emphasis added).  These brands feature different names, under which multiple products may be sold, and which often feature distinct packaging.





**Dasuquin® Joint Health Supplement**



**Cosequin® Joint Health Supplement**



**Calxequin® Daily Hoof Support for Horses**

*See* Nutramax Vet Website, available at https://www.nutramaxlabs.com/our-products/products-for-your-dog-cat-horseDjdd (last visited September 27, 2024).

36.     Nutramax Vet sells different products under its various brands.  For instance, under its Dasuquin brand, Nutramax Vet sells Dasuquin, Dasuquin with MSM, Dasuquin Advanced, Dasuquin Advanced with ESM. Dasquin for Cats, and Dasquin Advanced for Cats.  Nutramax characterizes Dasuquin as "the #1 Joint Health Brand recommended by veterinarians," "a premium joint health supplement for dogs and cats that is provided by Nutramax Laboratories Veterinarian Sciences, the #1 Veterinarian Recommended Supplement **Company**."  *See* About Dasuquin, available at https://www.dasuquin.com/about (last visited September 27, 2014) (emphasis added).

37.     Nutramax Vet separately sells products under its Cosequin brand, including Cosequin Soft Chews for Senior Dogs, Cosequin Chewable Tablets for Dogs, Cosequin Sprinkle Capsules for Cats, Cosequin ASU Pellets for Horses, and so on.  *See* About Cosequin, available at https://www.cosequin.com/about (last visited September 27, 2014).

38.     Nutramax itself does not treat "Nutramax" as a brand of pet supplements, as evidenced by, among other things, its public-facing marketing and advertising materials.

39.     To the contrary, Nutramax's public-facing marketing and advertising materials reinforce that it markets a *portfolio* of different pet supplement brands.  Consumers generally

understand Nutramax's products, like Dasuquin and Cosequin, to be individual brands of pet supplements.

40.     The Cosequin marketing is illustrative.  According to the official Instagram account for Cosequin, "*Cosequin*"—not Nutramax—is "the #1 veterinarian recommended retail joint health supplement *brand*."



41.     Nutramax and Zesty Paws stipulated in the course of the New York Action that, at all times relevant to the dispute, the combined U.S. sales of products sold under the Zesty Paws brand exceed the combined U.S. sales of any of Nutramax's individual brands, such as Dasuquin or Cosequin.

42.     The parties also stipulated that the combined U.S. sales of all brands sold by Nutramax Vet, including Cosequin, Dasuquin, Proviable, Denosyl, and Crananidin, among others, exceed the combined U.S. sales of products sold under the Zesty Paws brand.

**B.     The Parties' Prior Litigation**

43.     Although Nutramax has been in business for several decades, it has struggled to compete with newer pet supplement companies that have more robust digital or online marketing.

44.     Attempting to compensate for its competitive shortcomings in the marketplace, Nutramax has become infamous for its litigiousness.  On information and belief, Nutramax has

initiated over *sixty* federal court lawsuits over the last decade alone, including various other lawsuits premised on purported "false advertising" by competitors. *See, e.g.*, *Nutramax Labs., Inc. et al. v. Lintbells, Inc. et al.*, No. 8:22-cv-01691 (M.D. Fla. 2022); *Nutramax Labs., Inc. et al. v. Farnam Companies, Inc., et al.*, No. 4:18-cv-06749 (N.D. Cal. 2018); *Nutramax Labs., Inc. et al. v. Farnam Companies, Inc., et al.*, No. 3:18-cv-04699 (N.D. Cal. 2018); *Nutramax Labs., Inc. et al. v. Rowlo LLC, et al.*, No. 1:23-cv-00085 (D. Wyo. 2023).

45.     On March 29, 2022, Nutramax filed one such lawsuit against Zesty Paws in this Court. *See generally Nutramax Laboratories, Inc. v. Zesty Paws LLC*, No. 22-cv-00626 (M.D. Fla. 2023).

46.     After amending its complaint several times, Nutramax filed a final, Third Amended Complaint for damages and injunctive relief on August 15, 2022. The Third Amended Complaint contended, *inter alia*, that Zesty Paws engaged in false advertising under the Lanham Act, and violated related state laws, by claiming that Zesty Paws is "'the leading' pet supplement brand in the United States." D.E. 56 at ¶¶ 148-49; *see also id.* ¶¶ 151-52, 155.

47.     Zesty Paws denied that its claims were false, explaining in its September 16, 2022 Answer that "Zesty Paws *is* the leading brand of pet supplements in terms of sales in U.S. Dollars." D.E. 60 at ¶¶ 149, 151-52, 155 (emphasis added).

48.     Zesty Paws filed counterclaims against Nutramax in the Prior Action. Among other claims, Zesty Paws alleged that Nutramax was misleading consumers, *inter alia*, by claiming to be the "leading" brand of pet supplements and by "providing false information regarding the amount of active ingredients." D.E. 63 at ¶ 73. In particular, Zesty Paws noted that testing had shown that Nutramax was falsely representing the amount of active ingredients in at least 28 different Nutramax products addressing health issues ranging from immune health to joint health

and behavior concerns. In some cases, the amount of actual ingredient in Nutramax's pet supplements was 50-90% less than what Nutramax's product labels were representing to customers. *Id.* ¶ 58.

49. On June 20, 2023, Nutramax and Zesty Paws notified this Court that they had reached an "agreement in principle to the terms of a confidential settlement." D.E. 99. The parties noted their expectation of filing "a Stipulation of Dismissal with Prejudice within the next 30 days." *Id.* In response, this Court dismissed both Nutramax's claims and Zesty Paws' counterclaims with prejudice, subject to any party's right, upon good cause, to reopen the case within 60 days.

50. ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████

51. Similarly, ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████████████

52.     The parties also ███████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████

53.     The  parties ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

███     Consistent with the foregoing, the parties filed a Joint Stipulation of Voluntary Dismissal

with Prejudice on June 29, 2023.  D.E. 101.  Neither party subsequently sought to reopen the case

within 60 days of this Court's Order dismissing the case with prejudice.

54.     ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████ .

**C.     The Parties' Current Litigation**

55.     The  parties'  Settlement  Agreement ██████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████

56.     This Court dismissed that claim with prejudice.

57.     ██████████████████████████████████████████████

████████████████████████████████████████████████████████████

58.     ██████████████████████████████████████████████

████████████████████████████████████████████████ .

59.     Notwithstanding all the above, ███████████████████████

███████████████ Nutramax on July 17, 2023, provided a "Notice of Dispute" ██

████████████████████████████████████████



Nutramax on July 17, 2023 complained about various claims on Zesty Paws' website, social media, and other media that Zesty Paws is the #1 Brand of Pet Supplements in the USA," "USA's #1 Brand of Pet Supplements, "#1 selling Pet Supplement Brand in the USA" (collectively, the "#1 Claims").  *See* Nutramax July 17, 2023 Notice of Dispute at 1-3.

62.     Exasperated, Zesty Paws responded on August 1, 2023, reminding Nutramax that Nutramax itself had acknowledged in the just settled Prior Action that it does not sell its products under a single, Nutramax brand.

63.     Following a further exchange of letters and a failed mediation, Nutramax informed Zesty Paws that it would file a complaint against it for violations of the Lanham Act and other related laws, and move for a preliminary injunction if Zesty Paws did not confirm, by December 13, 2023, that it would no longer use the #1 Claims.

64.     Expecting Nutramax to imminently file a false advertising suit in the United States District Court for the Southern District of New York, Zesty Paws on December 13, 2023, filed an

action against Nutramax Labs and Nutramax Vet in that Court seeking declaratory relief that its #1 Claims are not false or misleading under the Lanham Act or related state and federal laws.  *See Zesty Paws LLC v. Nutramax Laboratories, Inc.*, 1:23-cv-10849-LGS (S.D.N.Y. filed Dec. 13, 2023).

65.     Less than 10 days later, Nutramax made good its threat to sue Zesty Paws, filing an Answer and Counterclaims against Zesty Paws LLC, and a third-party complaint against H&H. Nutramax generally alleged that Zesty Paws' #1 Claims constituted false advertising in violation of the Lanham Act and related state laws.  Nutramax also sought a preliminary injunction to prevent Zesty Paws from making the #1 Claims or any substantial identical claims, which the New York court later granted.

66.     Soon after the New York court entered a preliminary injunction, Nutramax made explicit that the Leading Brand Claims and the #1 Claims are identical.  On June 28, 2024, Nutramax wrote to Zesty Paws in relation to the court's preliminary injunction order.  Ex. B.  In that letter, Nutramax demanded that Zesty Paws cease claiming to be "America's Leading Brand of Pet Supplements"—insisting that such a claim was barred by the preliminary injunction it had obtained in the New York Action.  *Id.* at 1-2.

67.     Nutramax further acknowledged that "there can be no legitimate argument that 'leading brand' means anything other than 'best-selling brand.'"  *Id.* at 2.  It therefore asserted that "*a claim that Zesty Paws is the "leading brand" of pet supplements is functionally identical to the #1 Claims*" and insisted that "[t]he use of this 'leading brand' claim must be stopped immediately."  *Id.* (emphasis added).

68.     Shortly after Nutramax confirmed that the Leading Brand Claims and the #1 Claims were "functionally identical," Zesty Paws provided notice in writing on July 15, 2024, that

Nutramax's Counterclaims in the New York Action ████████████████████████ ████████████ should be dismissed.   Zesty Paws July 15, 2024, Notice of Dispute at 1-3.

69.     Zesty Paws noted that Nutramax ███████████████████████████████ ████████████████████████████████████████████ *Id.* at 1.   It also emphasized that Nutramax's causes of action against Zesty Paws' #1 Claims were identical to the claims ███████████████ in the Prior Litigation.   *Id.*   Zesty Paws indicated its intent to seek redress in the United States District Court for the Middle District of Florida, if Nutramax did not dismiss claims in the New York Action ████████████████████████████████ ████████.

70.     By the delivery of its letter, Nutramax provided notice to Nutramax of █████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████

71.     ███████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████

72.     In response to Zesty Paws' July 15, 2024 letter, Nutramax did not contest that the #1 Claims and Leading Brand claims were "substantially identical."   It nonetheless denied that ██ ████████████████████████████████████████████.   It also claimed that the New York litigation fully empowered the New York court to prevent Zesty Paws from claiming

to be the leading brand—notwithstanding ████████████████████████████
███████████████. And it insisted that Zesty Paws could not now claim that Nutramax ██████
████████████ having filed a declaratory judgment action in New York (in response
to Nutramax's imminent suit in that court).

73.    In so claiming, Nutramax did not address ██████████████████████



74.    Nor did Nutramax explain how Zesty Paws could have ████████████████

75.    In responding to Zesty Paws' July 15, 2024 letter, Nutramax acknowledged that

76.    Despite Nutramax's purported willingness to "discuss[] this matter further," it took
no action to initiate further discussion with Zesty Paws.  Instead, it rushed to court on August 8,
2024, in an attempt to persuade the New York court to grant a pre-motion conference at which it

would seek leave to file a motion for an anti-suit injunction to prevent this Court from assuming jurisdiction at all.  The New York court has taken no action to date on Nutramax's request for a pre-motion conference.

**D.    The Need For This Court's Action**

77.    For over two years, Zesty Paws has been embroiled in litigation with Nutramax.

78.    In June 2023, it entered into a Settlement Agreement that ████████████████ ████████████████████████

79.    ████████████████████████████████ ████████████████████████████████████ ████████████████████████

80.    This Court dismissed that claim with prejudice.

81.    Notwithstanding the above, Nutramax immediately threatened to sue Zesty Paws for making the #1 Claims—which Nutramax has now admitted are "*identical* but differently phrased claims" to the Leading Brand Claims ████████████████████ ██████████████████ which this Court dismissed with prejudice.

82.    In addition, Nutramax is specifically using the New York Action to prevent Zesty Paws from claiming to be the leading brand of pet supplements in the United States—████████ ████████████████████████████

83.    In response to Nutramax's claims in the New York action, Zesty Paws has been forced to incur substantial fees and costs in litigating the New York Action and replacing marketing materials making the #1 Claims or the Leading Brand Claims.

84.    This Court should stop Nutramax from attempting an end around both this Court's dismissal with prejudice of the Prior Action and ████████████████████ ████████

## CLAIMS FOR RELIEF

### CLAIM I: Breach of Contract (#1 Claims)

85.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

86.     Nutramax and Zesty Paws entered into a mutually binding Settlement Agreement to resolve the Prior Action.

87.     In the Prior Action, Nutramax alleged that Zesty Paws was "falsely claim[ing] that their Zesty Paws brand is 'the leading' pet supplement brand in the United States" and "the nation's leading functional pet supplement brand."  D.E. 56 at ¶ 149; *see also id.* ¶ 150.

88.     Zesty Paws explained, in response, that those claims were not false because "Zesty Paws *is* the leading brand of pet supplements in terms of sales in U.S. Dollars."  D.E. 60 at ¶¶ 149, 151-52, 155 (emphasis added).



91.     This Court dismissed Nutramax's claims from the Prior Action with prejudice, including the claim that Zesty Paws was violating the Lanham Act and related state laws by claiming to be the leading brand of pet supplements in the United States.

92.    Notwithstanding the foregoing, Nutramax is seeking to prevent Zesty Paws from claiming to be the #1 brand of pet supplements in the United States.

93.    Nutramax has conceded that "there can be no legitimate argument that 'leading brand' means anything other than 'best-selling brand.'" Ex. B at 2.  As a result, Nutramax itself has acknowledged that "a claim that Zesty Paws is the "leading brand" of pet supplements is functionally identical to the #1 Claims."  *Id.*; *see also id.* (a claim that "Zesty Paws 'is America's Leading Brand of Pet Supplements'" is "*identical* but differently phrased" to the claim that Zesty Paws is the #1 Brand of Pet Supplements in the United States.").

94.    In seeking to prevent Zesty Paws from making the #1 Claims, ███████████ ████████████████████████

95.    ███████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████████████████

96.    ███████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
███████████████████

97.     ████████████████████████████████████ Zesty Paws had already published a range of advertising statements all premised on its claim to be the top-selling pet supplement brand in the United States, including claims to be "America's leading brand of pet supplements," "the nation's leading functional pet supplement brand," and "the #1 best-selling multi-condition pet supplement brand in the U.S.

98.     Accordingly, Nutramax's claims in the New York action were ████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████.

99.     Zesty Paws has performed all conditions, covenants, and promises required of it in accordance with the Settlement Agreement.

100.    Nutramax's conduct in breach of the Settlement Agreement has damaged Zesty Paws and continues to cause irreparable harm and injury to Zesty Paws.

101.    To prevent further breach of the parties' Settlement Agreement, and to remedy Nutramax's breach to date, Nutramax should ████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████.

**CLAIM II: Breach of Contract (Leading Brand Claims)**

102.    The foregoing paragraphs are incorporated by reference as if set forth in full herein.

103.    Nutramax is also attempting in the New York Action to prevent Zesty Paws from making the claim that Zesty Paws is America's Leading Brand of Pet Supplements.

104. 

105.    This Court dismissed Nutramax's claims from the Prior Action with prejudice, including the claim that Zesty Paws was violating the Lanham Act and related state laws by claiming to be "America's leading brand of pet supplements."  D.E. 100.

106.    Notwithstanding the foregoing, Nutramax is seeking to prevent Zesty Paws from claiming to be "America's leading brand of pet supplements" in the New York action.

107.    In the New York Action, Nutramax sought and obtained a preliminary injunction that prohibits Zesty Paws from making the #1 Claims and "any substantially identical claim."

108.    On June 28, 2024, Nutramax sent correspondence to Zesty Paws' counsel in regard to Zesty Paws' use of "point-of-sale materials claiming that Zesty Paws 'is America's Leading Brand of Pet Supplements.'"  Ex. B at 1.  Nutramax acknowledged that "a claim that Zesty Paws is the 'leading brand' of pet supplements is functionally identical to the #1 Claims."  *Id.* at 2; *see also id.* (describing the claims as "identical but differently phrased"); *id.* (describing claims as "substantially identical").

109.    Nutramax demanded that Zesty Paws' "use of this 'leading brand' claim must be stopped immediately.'"

110. ██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

111.    Nutramax is seeking to hold Zesty Paws liable, collect damages, and impose fees and costs on Zesty Paws to the extent it claims to be "America's leading brand of pet supplements"—even though this Court dismissed that claim with prejudice ████████████ ████████████████████████.

112.    Zesty Paws has incurred substantial costs to temporarily remove marketing materials making the Leading Brand claim.

113.    Zesty Paws has been irreparably harmed by being prevented by Nutramax from engaging in desired commercial speech, ████████████████████████████████ ██████.

114.    Zesty Paws has performed all conditions, covenants, and promises required of it in accordance with the Settlement Agreement.

115. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████.

**CLAIM III: Declaratory Judgment Act (#1 Claims)**

116.    The foregoing paragraphs are incorporated by reference as if set forth in full herein.

117.    By entering into the Settlement Agreement, ████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

118.    Nutramax has acknowledged that "a claim that Zesty Paws is the 'leading brand' of pet supplements is functionally identical to the #1 Claims." Ex. B at 2; *see also id.* (describing the claims as "identical but differently phrased"); *id.* (describing claims as "substantially identical").

119.    A genuine controversy exists between Nutramax and Zesty Paws over ████████ ███████████████████ this Court's dismissal with prejudice of the Prior Action ████████ ████████████████ bars Nutramax from seeking to hold Zesty Paws liable, collect damages, and impose fees and costs on Zesty Paws for making the #1 Claims.

120.    Zesty Paws has incurred and is continuing to incur fees and costs as a result of Nutramax's attempt to hold Zesty Paws liable and collect damages from Zesty Paws for making the #1 Claims.

121.    This Court can and should answer the question of whether Nutramax's actions are barred by ██████████████████ this Court's dismissal with prejudice of the Prior Action, ████████████████████.

**CLAIM III: Declaratory Judgment Act (Leading Brand Claims)**

122.    The foregoing paragraphs are incorporated by reference as if set forth in full herein.

123.    By entering into the Settlement Agreement, ████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████

124.    In the New York Action, however, Nutramax has pursued relief preventing Zesty Paws from claiming that Zesty Paws is "America's leading brand of pet supplements."  Nutramax has also demanded that Zesty Paws' "use of this 'leading brand' claim must be stopped immediately."

125.    A genuine controversy exists between Nutramax and Zesty Paws over whether ███ █████████████████ this Court's dismissal with prejudice of the Prior Action ███████████ █████████████████ bars Nutramax from seeking to hold Zesty Paws liable, collect damages, and impose fees and costs on Zesty Paws for making the Leading Brand Claims.

126.    Zesty Paws has incurred and is continuing to incur fees and costs as a result of Nutramax's attempt to hold Zesty Paws liable and collect damages from Zesty Paws for making the #1 Claims.

127.    This Court can and should answer the question of whether Nutramax's actions are barred by ███████████████ this Court's dismissal with prejudice of the Prior Action, ██████████████████████ .

## **PRAYER FOR RELIEF**

Zesty Paws respectfully requests that the Court enter judgment in its favor and grant the following relief:

A.    A declaration pursuant to 28 U.S.C. § 2201 stating that:



i.    ████████████████████ this Court's dismissal with prejudice of the Prior Action, ███████████████████ bars Nutramax from seeking to hold Zesty Paws liable, collect damages, and impose fees and costs on Zesty Paws for making the #1 Claims.

          ii.       █████████████████████ this Court's dismissal with prejudice of the Prior Action, ███████████████████ bars Nutramax from seeking to hold Zesty Paws liable, collect damages, and impose fees and costs on Zesty Paws for making the Leading Brand Claims.

    B.    An order enjoining Defendants from seeking to hold Zesty Paws liable, collect damages, or impose fees and costs on Zesty Paws for making the #1 Claims.

    C.    An order enjoining Defendants from seeking to hold Zesty Paws liable, collect damages, or impose fees and costs on Zesty Paws for making the Leading Brand Claims.

    D.    Damages according to proof.

    E.    Such other and further relief as the Court deems just and proper.


Dated:  October 3, 2024                Respectfully submitted,

                                      */s/  Nicole K. Atkinson*
                                      Nicole K. Atkinson

                                      Nicole K. Atkinson
                                      Florida Bar No. 167150
                                      GUNSTER, YOAKLEY & STEWART, P.A.
                                      777 South Flagler Drive
                                      Suite 500 East
                                      West Palm Beach, FL 33401-6194
                                      Telephone: 561.650.0561
                                      Email: *natkinson@gunster.com*

                                      Steven N. Feldman (*pro hac vice pending*)
                                      LATHAM &WATKINS LLP
                                      1271 Avenue of the Americas
                                      New York, NY 10020
                                      Telephone: 212.906.1200
                                      Facsimile: 212.751.4864
                                      Email: *steve.feldman@lw.com*