**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ZESTY PAWS LLC and HEALTH
AND HAPPINESS (H&H) US
INTERNATIONAL
INCORPORATED,

      Plaintiffs,

v.                                                  Case No:   6:24-cv-1788-CEM-LHP

NUTRAMAX LABORATORIES, INC.
and NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.,

      Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   AMENDED UNOPPOSED MOTION TO SEAL CONFIDENTIAL SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 7)
>
> **FILED:**     October 11, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiffs seek equitable and monetary relief against Defendants relating to the enforcement of a settlement agreement the parties entered into in a previous case, *Nutramax Labs, Inc. v. Zesty Paws, LLC*, No. 6:22-cv-626-CEM-LHP. Doc. No. 1. By the present motion, Plaintiffs seek to file under seal a copy of their confidential settlement agreement, along with an unredacted version of the complaint. Doc. No. 7.[1] Defendants do not oppose. *Id.,* at 6.

Upon review, the Court finds that Plaintiffs have failed to provide either good cause or a "reason sufficiently compelling to overcome the presumption of public access." Local Rule 1.11(a).[2] As noted above, the crux of the present

---

[1] Plaintiff previously filed a heavily redacted complaint and did not seek leave to do so until the present motion, filed 8 days later. Doc. Nos. 1, 7.

[2] "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).

Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at

litigation is enforcement of the settlement agreement. By sealing the agreement itself, along with large swaths of the complaint, the parties are, in essence, sealing this case. And other than providing conclusory statements that Plaintiffs' privacy interests outweigh any public interest, Plaintiffs provide no justification for sealing beyond representing that the parties agreed to confidentiality in the settlement agreement itself. *See* Doc. No. 7, at 2-3. But "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).[3]

Accordingly, Plaintiffs' Amended Unopposed Motion to Seal Confidential Settlement Agreement (Doc. No. 7) is **DENIED WITHOUT PREJUDICE.** Within **fourteen (14) days** from the date of this Order, Plaintiffs shall file a renewed motion with applicable legal authority in support as to why the unredacted complaint and settlement agreement should be filed under seal under the specific procedural

---

1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

[3] The cases Plaintiffs cite do not support Plaintiffs' position. In *Embree v. Medicredit, Inc.*, No. 5:16-cv-35-Oc-32PRL, 2017 WL 11454395, at *1 (M.D. Fla. June 23, 2017), the court was addressing submission of a settlement agreement under seal for consideration of an award of attorneys' fees and costs in a TCPA action – that case did not involve a complaint which focused on enforcement of the settlement agreement itself. And while Plaintiffs reference a companion action in the Southern District of New York, they do not provide copies of any orders (the case does not appear to be searchable on Westlaw or Lexis), nor do Plaintiffs explain whether the Southern District of New York case involves enforcement of the very settlement agreement that the court there ordered sealed.

posture and substantive claims of this case.  Alternatively, by this same deadline, Plaintiffs shall file a complete unredacted complaint and a complete executed copy of the settlement agreement on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties