# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZESTY PAWS LLC and HEALTH
AND HAPPINESS (H&H) US
INTERNATIONAL
INCORPORATED,

        Plaintiffs,

v.                                    Case No:   6:24-cv-1788-CEM-LHP

NUTRAMAX LABORATORIES, INC.
and NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED JOINT MOTION TO SEAL PORTIONS OF CONFIDENTIAL SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 27)
>
> **FILED:** November 8, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On October 3, 2024, Plaintiffs Zesty Paws LLC and Health and Happiness (H&H) US International Inc. ("Plaintiffs") initiated this action against Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Defendants") seeking to enforce a settlement agreement ("the Agreement") the parties entered into in a previous case, *Nutramax Labs., Inc. v. Zesty Paws LLC*, No. 6:22-cv-00626-CEM-LHP.  Doc. No. 1.  The initial complaint is heavily redacted, and on October 11, 2024, Plaintiffs filed an unopposed motion for leave to file under seal a fully unredacted copy of complaint along with a copy of their confidential settlement agreement.  Doc. No. 7.

On October 25, 2024, the Court denied without prejudice Plaintiffs' motion, finding that Plaintiffs failed to provide either good cause or a "reason sufficiently compelling to overcome the presumption of public access."  Doc. No. 18, at 2.  In short, by sealing the Agreement, along with large swaths of the complaint, the parties were essentially sealing the entire case.  *Id.*, at 3.  The Court directed Plaintiffs to either file a renewed motion with applicable legal authority supporting the breadth of their request, or to alternatively file a complete unredacted complaint and a complete executed copy of the Agreement on the public docket.  *Id.*, at 3–4.

On November 8, 2024, the parties timely-filed the above-styled joint motion. Doc. No. 27.  According to the motion, upon conferral, "the parties have agreed that none of the provisions that are cited in the complaint require sealing."  *Id.*, at

2. Instead, the parties now seek only to seal limited language in the Agreement that implicates the confidential business information or operations of the parties, and have agreed to file a complete unredacted copy of the complaint on the public docket. *Id.*, at 2–3, 6–7. The parties contend that maintaining portions of the Agreement under seal is necessary in this case because those portions of the Agreement "contain sensitive commercial information relating to the Parties' product composition and testing procedures" which the parties claim are not "relevant to the dispute before the Court." *Id.*, at 5. The parties further contend that publishing this information on the public docket "would frustrate the parties' private resolution of their prior dispute and would deter future private resolution of disputes," and that "there is a limited public interest in unsealing the confidential information" because the information the parties request to seal is "not presently at issue in this public proceeding." *Id.*, at 6. Finally, the parties represent that the information they request to seal is "unlikely to be cited in the parties' future substantive filings," such that the parties "do not currently anticipate that it will prove necessary to seal substantive pleadings or other future filings in this case." *Id.*, at 3.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11, which in part requires parties requesting to seal items under seal to establish that "filing the item is necessary," that "sealing

the item is necessary," and that "using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory."  Local Rule 1.11(b).  The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.  *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).  "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.  Whether good cause exists is decided by the nature and character of the information in question."  *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.  *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

Here, based on the parties' assertions regarding the nature of the confidential business information contained within the Agreement, and having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court finds the parties have satisfied the standards set forth in Local Rule 1.11(b) and established good cause to redact portions of the Agreement and file an unredacted copy under seal.  *See Armadillo Distrib. Enters., Inc. v. In Dime We Tr., RLT*, No. 8:21-cv-2025-SDM-AAS, 2024 WL 1283393, at *1 (M.D. Fla. Mar. 26, 2024) (granting unopposed motion for leave to file settlement agreement under seal as exhibit to brief in opposition to motion for leave to amend complaint, where publication of confidential information in settlement agreement would "harm legitimate privacy interests" and leave the parties "at a competitive disadvantage" because "third parties will be able to utilize this information to the detriment of the plaintiffs and other parties."); *Blue Cross & Blue Shield of Fla., Inc. v. Davita, Inc.*, No. 3:19-cv-00574-J-39MCR, 2019 WL 12311996, at *2 (M.D. Fla. Aug. 20, 2019) (granting unopposed motion for leave to file exhibits to complaint under seal where exhibits contained "information that is confidential, proprietary, and competitively sensitive" and where "means other than sealing are inadequate to preserve and protect the privacy and proprietary interests of Plaintiffs and Defendant.").

Accordingly, it is **ORDERED** as follows:

1. The parties' Renewed Joint Motion To Seal Portions Of Confidential Settlement Agreement (Doc. No. 27) is **GRANTED**.

2. Within **three (3) days from the date of this Order**, Plaintiffs shall file a complete unredacted copy of the complaint, with a redacted copy of the Agreement attached as an exhibit, on the public docket.

3. **By this same three (3) day deadline**, Plaintiffs shall file under seal a complete unredacted copy of the Agreement as a separate docket entry.

4. The sealing of these documents shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.  *See* Local Rule 1.11(f). Counsel for Plaintiffs shall retrieve the sealed item at the conclusion of this litigation.  *See* Local Rule 1.11(b)(6).

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2024.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties