**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ZESTY PAWS LLC and HEALTH
AND HAPPINESS (H&H) US
INTERNATIONAL
INCORPORATED,

        Plaintiffs,

v.                                                          Case No:   6:24-cv-1788-CEM-LHP

NUTRAMAX LABORATORIES, INC.
and NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.,

        Defendants

---

**ORDER**

Before the Court is Defendants Nutramax Laboratories, Inc.'s, and Nutramax Laboratories Veterinary Sciences, Inc.'s (collectively "Nutramax") Unopposed Motion to Seal Portions of its Motion for Summary Judgment and Select Exhibits to Rosenberg Declaration in Support Thereof.  Doc. No. 62.  Pursuant to Local Rule 1.11(c), Plaintiffs Zesty Paws LLC and Health and Happiness (H&H) US International Incorporated, filed a response in support.  Doc. No. 64.[1]  For the

---

[1] In the motion, Defendants state that two non-parties, Euromonitor International Ltd. and Euromonitor International, Inc., may have an interest in establishing or maintaining the seal to Exhibit 16 and served this motion on those parties.  Doc. No. 62,

reasons discussed below, the motion (Doc. No. 62) will be granted in part and denied in part.

Plaintiffs seek equitable and monetary relief against Defendants relating to the enforcement of a confidential settlement agreement that the parties entered into in a previous case, *Nutramax Labs, Inc. v. Zesty Paws, LLC*, No. 6:22-cv-626-CEM-LHP.  Doc. No. 38.  The Court previously permitted the confidential settlement agreement to be filed under seal, and a redacted version of same is attached to the operative complaint.  *See* Doc. Nos. 38-1, 39.

By the present motion, Defendants seek to file under seal an unredacted version of their motion for summary judgment (Doc. No. 62-1), as well as four (4) exhibits in support (Doc. Nos. 62-2 through 62-5).[2]  Doc. No. 62.  The exhibits include Exhibit 3 to the Declaration of Jason Rosenberg (*see* Doc. No. 61-1) (the "Rosenberg Declaration"), which is the confidential settlement agreement (*see* Doc. No. 62-5); and Exhibits 15 through 17 to the Rosenberg Declaration.  Doc. No. 62; *see* Doc. Nos. 62-2 through 62-4.  The only description Defendants provide regarding Exhibits 15 through 17 is that the exhibits support Defendants' motion

---

at 9; *see also* Local Rule 1.11(b)(7).  However, neither non-party has filed a memorandum in support of sealing this document, and the time to do so has expired.  Local Rule 1.11(c).

[2] Defendants filed on the public docket a redacted version of their summary judgment motion redacting only the information pertaining to the exhibits at issue, with placeholder exhibits subject to this motion to seal.  *See* Doc. No. 61.

for summary judgment; that they contain material Plaintiffs have designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" in this and/or other litigation, and that the exhibits contain Plaintiffs' confidential business information. Doc. No. 62, at 1-2, 5.

Plaintiffs join Defendants' request to maintain the confidential settlement agreement under seal. Doc. No. 64, at 1-2, 5. As both parties note, the redacted confidential settlement agreement, Exhibit 3 (*see* Doc. Nos. 61-4), bears the same redactions previously permitted by the Court (Doc. No. 38-1). Doc. No. 62, at 2 n.1; Doc. No. 64, at 1-2. *See also* Doc. Nos. 28, 38-1. However, even though all of the exhibits Defendants seek to seal are those of the Plaintiffs, and although Plaintiffs state that they do not oppose sealing the remainder of the exhibits addressed by Defendants, Doc. No. 64, at 2 n.1, Plaintiffs provide no analysis or legal authority to support sealing Exhibits 15 through 17. Doc. No. 64.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11 and the Eleventh Circuit standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *U.S. v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which

"may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[3]

Upon consideration, the Court finds the motion to seal (Doc. No. 62) well taken with respect to the unredacted copy of the settlement agreement, which has previously been sealed in this case. Doc. Nos. 28, 39. *See Loc. Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 3896407, at *1-2 (M.D. Fla. Sept. 6, 2017) (granting motion to seal portions of settlement agreement, where party sought to enforce settlement agreement, because "some of the information consists of confidential and proprietary business plans, pricing information and technical capabilities which, if made public, could injure Defendant's business operations and relationships with its customers").

---

[3] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

However, the parties fail to adequately support Defendants' request to seal Exhibits 15 through 17 and the portions of the motion for summary judgment that relate to those exhibits. Doc. Nos. 62, 64. Instead, Defendants' motion only references a confidential designation of the materials by Plaintiffs. Doc. No. 64, at 5. This is insufficient to establish good cause for sealing, particularly given the greater public right of access triggered at this stage of proceedings. *See Zap Aviation, LLC v. Nxt Jet, Inc.*, No. 6:23-cv-1149-RBD-LHP, 2025 WL 81342 (M.D. Fla. Jan. 13, 2025) (denying motions to seal, including in relation to summary judgment, because "[b]esides stating that these materials are 'confidential' or 'proprietary,' and providing blanket assertions, [the burdened party] makes no effort to explain how each of the specific materials are entitled to confidential treatment under governing law or how each of the materials contain the proprietary information that NXT claims." (collecting cases)); *see also Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("[A]lthough there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access.").

Accordingly, it is **ORDERED** as follows:

1. Nutramax's Unopposed Motion to Seal Portions of its Motion for Summary Judgment and Select Exhibits to Rosenberg Declaration in Support

Thereof (Doc. No. 62) is **GRANTED in part**, to the extent that the settlement agreement (Exhibit 3 to the Rosenberg Declaration) may be filed under seal in conjunction with summary judgment. Defendants shall file a sealed copy of this document as a separate docket entry within **fourteen (14) days** of the date of this order. Unless otherwise ordered by the Court, the duration of the seal shall be **ninety (90) days** after the case is closed and all appeals are exhausted. *See* Local Rule 1.11(e).

2. Defendants' motion (Doc. No. 62) is **DENIED in all other respects**. On the **fifteenth** day after issuance of this Order, Defendants shall file, on the public docket, a version of their summary judgment motion removing the redactions with regard to Exhibits 15 through 17, as well as unredacted versions of Exhibits 15 through 17. *See* Local Rule 1.11(d).

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record