**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ZESTY PAWS LLC and HEALTH
AND HAPPINESS (H&H) US
INTERNATIONAL
INCORPORATED,

      Plaintiffs,

v.                                        Case No:   6:24-cv-1788-CEM-LHP

NUTRAMAX LABORATORIES, INC.
and NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.,

      Defendants

**ORDER**

Before the Court is Nutramax's Unopposed Motion to Seal Portions of its Reply in Support of its Motion for Summary Judgment and Select Exhibit to Second Rosenberg Declaration in Support Thereof. Doc. No. 84. Pursuant to Local Rule 1.11(c), Plaintiffs Health and Happiness (H&H) US LLC and Health and Happiness (H&H) US International Incorporated (collectively, "Plaintiffs") filed a response in support. Doc. No. 86; *see also* Doc. No. 85. For the reasons discussed below, the motion (Doc. No. 84) will be denied.

Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Defendants") seek to file under seal an unredacted copy of their reply in support of their motion for summary judgment (Doc. No. 84-1) as well as a copy of one of the exhibits, Exhibit 19, filed in support of their reply (Doc. No. 84-2). Defendants state that Exhibit 19 includes a portion of a deposition transcript of a witness for Plaintiffs, which contains material Plaintiffs have designated as "Confidential" in this and/or other litigation and which Plaintiffs believe to be their confidential business information, and the redacted portion of Defendants' reply references the content of Exhibit 19. Doc. No. 84, at 2, 4-5; *see also* Doc. Nos. 84-1, 84-2. Beyond pointing to Plaintiffs' assertion of confidentiality, Defendants provide no further argument in support of sealing. And in their response, Plaintiffs provide no argument or explanation, and instead state that they "will not be filing a memorandum supporting the seal." Doc. No. 86.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11 and the Eleventh Circuit standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *U.S. v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which

"may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

As discussed above, the parties have failed to adequately support Defendants' request to seal Exhibit 19 and portions of its reply. Doc. Nos. 84, 86. As the Court has previously cautioned (*see* Doc. Nos. 65, 85), simply designating a document as confidential is insufficient to establish good cause for sealing, particularly given the greater public right of access triggered at this stage of proceedings. *See Zap Aviation, LLC v. Nxt Jet, Inc.*, No. 6:23-cv-1149-RBD-LHP, 2025 WL 81342, at *4-5 (M.D. Fla. Jan. 13, 2025) (denying motions to seal, including in relation to summary judgment, because "[b]esides stating that these materials are 'confidential' or 'proprietary,' and providing blanket assertions, [the burdened

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

party] makes no effort to explain how each of the specific materials are entitled to confidential treatment under governing law or how each of the materials contain the proprietary information that NXT claims." (collecting cases)); *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("[A]lthough there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access."). *See also* Doc. No. 65; Local Rule 1.11(a).

Accordingly, Defendants motion (Doc. No. 84) is **DENIED**. On the **fifteenth day** after issuance of this Order, Defendants shall file on the public docket a complete unredacted version of their reply, and a complete unredacted copy of Exhibit 19. *See* Local Rule 1.11(d).

**DONE** and **ORDERED** in Orlando, Florida on January 6, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record